FILED
NOV 16 2009

# United States District Court

---------- DISTRICT OF SOUTH DAKOTA ----------
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JEFFREY CHARLES DUNCAN,

    Defendant.

**RECOMMENDED FINDINGS ON REVOCATION OF SUPERVISED RELEASE**

CASE NUMBER: CR. 04-40049

This matter came before the court for hearing upon the Petition to Revoke Supervised Release (Doc. 38) on Monday, November 16, 2009. The defendant appeared in person and by his counsel, Assistant Federal Public Defender Tim Langley, while the United States of America appeared by Assistant United States Attorney, John Haak. Based upon the evidence adduced at the hearing, I hereby make the following recommended findings of fact and conclusions of law.

## Findings of Fact

Defendant is on supervised release pursuant to General, Standard and Special Conditions of Supervised Release as contained in the Amended Judgment in a Criminal Case filed on December 20, 2005 (Doc. 31).

**Allegation Numbered 1:**

A General Condition of the defendant's Conditions of Supervised Release required that "the defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance."

Standard Condition No. 7 of the defendant's Conditions of Supervised Release required that "the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled

substances, except as prescribed by a physician."

Defendant admitted allegation numbered 1.

On or about March 25, 2009, at Sioux Falls, South Dakota, the defendant tested positive and admitted using methamphetamine, a controlled substance, in violation of the General Conditions and Standard Condition No. 7 of the Conditions of Supervised Release.

**Allegation Numbered 2:**

Allegation numbered 2 was dismissed upon the motion of the government and in the interests of justice.

**Allegations Numbered 3, 4, 5, 6 and 7:**

Special Condition No. 5 of the defendant's Conditions of Supervised Release required that "the defendant shall submit a sample of his blood, breath, or urine at the discretion or upon the request of the probation office."

Defendant admitted allegations numbered 3, 4, 5, 6 and 7.

On or about October 9, 11, 20 and 28 and November 3, 2009, the defendant failed to submit to a drug test as instructed in violation of Special Condition No. 5 of the Conditions of Supervised Release.

## Conclusions of Law

1. Failure to abide by the terms and conditions of supervised release provides a reasonable basis upon which to revoke supervised release.

2. Based upon the factual basis provided by the United States, the United States has proven by a preponderance of the evidence that the defendant has not met the conditions of his supervised release. See *United States v. Cotroneo*, 89 F.3d 510, 512 n.4 (8th Cir.), *cert. denied* 117 S.Ct. 533 (1996) and 18 U.S.C. § 3583(e)(3).

3. After conversing with the defendant personally in open court, it is the finding of the court that the defendant is fully competent and capable of entering an informed admission, that the defendant is aware of the nature of the charges and the consequences of the admission, and that the admission is a knowing and voluntary plea supported by an independent basis in fact containing each

of the essential elements of the offense. It is, therefore, my report and recommendation that defendant's supervised release be revoked.

4. The United States Probation Office is hereby directed to prepare and submit to the United States District Court a supplemental pre-sentence investigation within twenty-one (21) days of the date of this report.

### Notice to Parties

Any objections to these findings and conclusions must be served and filed within ten days of the date of service of this notice upon you. 28 U.S.C. §636(b)(1). If no objections are filed, the district court may adopt, reject, or modify these findings and conclusions. Moreover, the court may impose an appropriate sentence based upon these findings and conclusions following a hearing.

Dated this 16 day of November, 2009.

BY THE COURT:

John E. Simko
United States Magistrate Judge